UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 07-22834-CIV-SEITZ/MCALILEY

LUISA E. SILVA,

        Plaintiff,

v.

GRANT and JOYCE MILLER,

        Defendants.
_____/

## ORDER (1) APPROVING FLSA SETTLEMENT, AS AMENDED BY THE COURT; AND (2) DISMISSING THE CASE WITH PREJUDICE

THIS MATTER is before the Court because the parties have settled a Fair Labor Standards Act ("FLSA") minimum wage action and seek dismissal of the case with prejudice without court approval of the $20,000 settlement.[1] Plaintiff's counsel argue that when a plaintiff recovers all of the wages to which she is entitled, the Court need not review the settlement to determine whether it constitutes a fair and reasonable resolution of a bona fide dispute as discussed in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Plaintiff's counsel also maintain that they should recover 40% of Plaintiff's recovery, pursuant to their contingency fee agreement with Plaintiff. Both arguments run contrary to the purposes of the FLSA, established precedent, and other policy considerations. For the reasons discussed below, the Court must review the FLSA settlement and determine a reasonable attorney's fee. Having reviewed the record and heard argument, the Court approves the parties' Settlement Agreement as a fair and reasonable settlement amount and has determined a fair and reasonable recovery for Plaintiff to be **$12,286** and reasonable attorney's fee award for Plaintiff's counsel to be **$6,325**.

---

[1] In FLSA cases, the Court requires the parties to file settlement agreements along with a separate designation of fees and costs. However, to address Defendants' concern that the Settlement Agreement would be publicly available, the Court allowed counsel to provide unredacted versions of the Settlement Agreement [DE-20, Ex. 1] and Plaintiff's counsel's filing regarding attorney's fees [DE-21] at the February 15, 2008 hearing. At a subsequent hearing, held March 12, 2008, Defendants agreed to the use of the settlement figures in this Order.

## I. Court's Duty to Review All FLSA Settlement Agreements

Plaintiff asserts that the Court should not review the parties' Settlement Agreement because she recovered all of the wages to which she was entitled.[2] This argument runs contrary to the purpose of the FLSA and Eleventh Circuit precedent. The FLSA specifies compensation for both potential plaintiffs and their counsel. The statute states, in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected *in the amount of their unpaid minimum wages, or their unpaid overtime compensation*, as the case may be, and in an *additional equal amount as liquidated damages*. ... An action to recover the liability ... may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction ... . The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a *reasonable* attorney's fee to be paid by the defendant, and costs of the action. ...

29 U.S.C. § 216(b) (emphasis added). To potential plaintiffs, the FLSA ensures the recovery of full wages and liquidated damages without incurring any legal expenses. To plaintiffs' counsel, the FLSA provides economic incentive to take employment discrimination claims, thus ensuring private Attorney Generals for employees with meritorious claims.

In *Lynn's Food*, the Eleventh Circuit recognized the FLSA's mandated purpose to protect employees, given their unequal bargaining power with employers, and noted there are two ways to settle FLSA claims that ensure employees are protected. 679 F. 2d at 1352. The first is where the

---

[2] To support this argument, Plaintiff cites a case from the Middle District of Florida holding that where a defendant offers a plaintiff full compensation, no compromise is involved and judicial approval of an FLSA settlement is not required. *See Lolether v. Lakewood Nursing Ctr., Inc.*, 2008 U.S. Dist. LEXIS 10432, *2 (M.D. Fla. 2008). *Lolether* relies on *Mackenzie v Kindred Hosp. East*, 276 F.Supp.2d 1211, 1217 (M.D. Fla. 2003)), which is distinguishable from the facts at bar. In *Mackenzie*, the defendant-employer served a Rule 68 offer of judgment on the plaintiff-employee for $1,200 (an amount based on payroll and timecard records that both parties agreed doubled its maximum overtime liability of $600 (to account for liquidated damages)), plus a reasonable attorney's fee award and costs. Defendant then filed a motion to dismiss for lack of subject matter jurisdiction, arguing that its offer of full relief ended the controversy between the parties. Plaintiff rejected the offer of judgment and filed a motion to allow the matter to proceed as a collective action. The plaintiff argued that a Rule 68 offer of judgment undermined the judicial oversight of FLSA settlements required by *Lynn's Food*. The *Mackenzie* court noted that no one had opted into the case (thus its outcome would not bind other potential plaintiffs) and that *Lynn's Food* is silent as to Rule 68 offers of judgment. After noting the calculation of the figures at issue, the *Mackenzie* concluded that a Rule 68 offer of judgment is an acceptable way to resolve an FLSA case where the defendant offered more than full relief, such that the resolution of the case did not involve a compromise and thus did not require judicial scrutiny. (The *Mackenzie* court also noted that the amount of attorney's fees was collateral to the merits of the case.) The instant case does not involve a Rule 68 offer of judgment, nor are payroll or timecard records available, nor does Plaintiff's proposed recovery exceed her full relief.

2

Secretary of Labor supervises payment of all unpaid wages; the second is in a private action, where there is "some assurance of an adversarial context." *Id.* at 1353-54. The Court specifically observed that a plaintiff in the first scenario waives the right to bring suit, "provided the employer *pays in full* the back wages." *Id.* at 1353 (emphasis added). In the second scenario, the employee's protection lies in the district court's review of the settlement to ensure that it is a reasonable compromise. *Id.* at 1354. The Circuit Court did not make an exception in the second scenario where plaintiffs show they recovered wages in full.

The numerous factors at play in the second scenario underscore the importance of neutral oversight of a final settlement, as illustrated by this case.[3] Here, Plaintiff worked for several years as a housekeeper for Defendants, a married couple. Defendants did not keep time records of Plaintiff's employment, so Plaintiff's initial Statement of Claim [DE-5] was an educated approximation of the hours she worked every day for which Defendants did not pay her the minimum wage. Counsel represents that through the course of discovery, the parties determined that Plaintiff had over-estimated the hours she worked and so agreed to use a lower figure for each workweek in calculating her ultimate recovery. In reaching their settlement figure, Plaintiff's counsel represents that the parties also evaluated the likelihood of a jury finding that Defendants' alleged violation of the FLSA was "willful." After negotiating these factors, the parties entered a settlement agreement under which Defendants agreed to pay $20,000, $8,000 of which would go to Plaintiff's counsel as attorney's fees, along with $1,389 in filing, service, and transcript fees, and other costs. Under the proposed settlement, Plaintiff would recover the remaining $10,611, or slightly over half of the settlement amount. The Court must review the settlement to determine whether the parties' negotiation yielded a "reasonable" result and accounted for the many factual considerations of this particular case.

---

[3] These facts are taken from the record and from counsel's arguments at the March 12 hearing.

Moreover, the matter of plaintiffs' counsel's fee award provides additional reasons for judicial review of FLSA settlements, regardless of the amount of Plaintiff's recovery. The judicial oversight of attorney's fee awards achieves two goals inherent in Congress's clear dictate that a court review plaintiff's counsel's legal fees to ensure they are "reasonable." First, such review ensures that the fee-shifting provision of the FLSA does not become a vehicle for inappropriately shifting fees that would be improper in the private sector to adverse parties in FLSA cases. *See, Batt v. Microwarehouse, Inc.,* 241 F.3d 891, 893-94 (7th Cir. 2001). Second, judicial review protects against the potential conflict of interest between a plaintiff and her counsel and their unequal bargaining power on the issue of counsel's fee award, particularly in cases such as this where the settlement agreement suggests that the size of the attorney's fee award and costs incurred determined Plaintiff's net recovery. The district court's review thus ensures that *both* plaintiff's and plaintiff's counsel's recoveries are "fair and reasonable."

## II. Reviewing Settlements in FLSA Cases

The factors the Eleventh Circuit uses to review class action settlements are helpful in determining whether a settlement of an FLSA case is "fair and reasonable." These factors include: the existence of fraud or collusion behind the settlement; the probability of Plaintiffs' success on the merits; the complexity, expense, and likely duration of the litigation; the stage of the proceedings and amount of discovery completed; and the range of possible recovery. *See Leverso v. Lieberman,* 18 F.3d 1527, 1531, n.6 (11th Cir. 1994). Ultimately, review of the FLSA settlement ensures that the plaintiff's recovery is a reasonable approximation of the wages she was not paid over the course of years within the statute of limitations, while accounting for other relevant considerations as the facts of a particular case require.

In this case, there is no suggestion of fraud or collusion behind the settlement and there is no indication that Plaintiff would not have succeeded had she gone to trial. The parties settled after taking some discovery, including depositions, but before going to trial. While this case was not

complex, Defendants' lack of records and the several defenses they raised added elements of complexity. Furthermore, if the exemptions raised had been applicable, they would reduce (but not eliminate) the recovery to which Plaintiff would be entitled. [DE-6.] Under the parties' Settlement Agreement, in which Plaintiff stated that she "agrees and understands that this Agreement is executed in compromise of disputed claims," Plaintiff would recover **$10,611**.[4] [DE-20-2, ¶¶ 3, 6.] However, this figure does not fall within the range of possible recovery her case warrants.[5] Based on the arguments and papers before the Court, the Court finds that Plaintiff's recovery of **$12,286**[6] is a fair and reasonable settlement of a bona fide dispute over the FLSA's provisions.

### III. Plaintiffs' Counsel's Fee Awards in FLSA Cases

Congress encourages the filing of meritorious FLSA claims by providing for the recovery of reasonable attorney's fees. In public enforcement cases, such as FLSA cases, attorney's fee awards should not be modeled on contingency fee arrangements used in personal injury litigation and should not be deducted from the amount to which plaintiff is entitled to recover. *See Blanchard v. Bergeron,* 489 U.S. 87, 94, 96 (1989). Instead, plaintiffs' attorneys in such cases should recover from defendants a reasonable sum that accounts for the skill and time required to handle the case. *Id.*

---

[4] As noted above, this is the amount that remains of the $20,000 figure after deducting counsel's proposed award of $8,000 (or 40%, based on the contingency fee agreement with Plaintiff) and costs of $1,389.

[5] In her motion for entry of an appealable order, Plaintiff implied but did not set out any facts suggesting that, under the parties' Settlement Agreement, she would recover the full amount of wages due to her. [DE-24, ¶ 4.] At the March 12, 2008 hearing, the parties explained the calculations on which the parties based their stipulation "that the Plaintiff/employee is receiving full recovery." [*Id.* ¶ 7.] Plaintiff's counsel explained that the parties agreed to average the discrepancy between the wage Plaintiff was paid and what Plaintiff was owed over the relevant period as **$1.40** per hour. The parties' agreed maximum recovery of **$8,349.60** assumes an 84 hour workweek over the 71 weeks for which Plaintiff could recover. Liquidated damages would double that figure to **$16,699.20**. (A jury finding that Defendants' conduct was "willful," would have entitled Plaintiff to another year's worth of damages, but Plaintiff's counsel doubted that a jury would make such a finding.) However, the parties agreed that it was more appropriate to assume that Plaintiff worked 60 hours per week, for a total of **$5,964**, or **$11,928** with liquidated damages. As such, assuming Plaintiff could not prove "willfulness," Plaintiff's potential recovery ranged from **$11,928 to $16,699.20**. Plaintiff's proposed recovery of **$10,611** falls below this range. The amended recovery of **$12,286** is within the range of reasonable recovery amounts.

[6] This figure is based on the settlement amount of $20,000, less $1,389 in costs and less a reasonable attorney's fee award of $6,325, discussed below. This amended amount falls within the range of possible recovery.

5

In the Eleventh Circuit, the calculation of a reasonable attorney's fees award begins with the number of hours reasonably expended on a case multiplied by a reasonable hourly rate (referred to in some contexts as the lodestar method).[7] *See Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994). In determining the number of hours "reasonably expended" on a case, the Court considers the specific circumstances of each case while being mindful that FLSA cases are generally not complicated or highly risk-intensive. *See e.g., Small v. Richard Wolf Medical Instr. Corp.,* 264 F.3d 702, 707 (7th Cir. 2001). To determine a "reasonable hourly rate," the Court considers the skill, experience, and reputation of the lawyers involved. *Loranger,* 10 F.3d at 781.[8] The Court may also look to the contingent nature of the fee[9] and the carrying costs counsel faces and adjust the hourly rate upward. *Id.* Next, the Court evaluates the significance of the relief counsel obtained for a plaintiff and, where plaintiff obtains an excellent result, an attorney may be awarded the full lodestar amount.[10] *Norman v. Housing Auth.,* 836 F.2d 1292 (11th Cir. 1988).

---

[7] The Court's Notice of Court Practice requires the parties to file a designation of costs and fees as well as itemized billing records in order to make this determination. *See, e.g.,* DE-3 and DE-17.

[8] In arriving at this figure, the Court may consider the twelve *Johnson* factors, which include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Schafler v. Fairway Park,* 147 Fed. Appx. 113 (11th Cir. 2005) (citing *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974)).

[9] Though the existence of a contingency fee agreement may be a factor in calculating a "reasonable hourly rate," the criterion for the Court is what is "reasonable" – not what the parties agree. *Blanchard,* 489 U.S. at 944. *See also, Small v. Richard Wolf Medical Instr. Corp.,* 264 F.3d 702, 707-09 (7th Cir. 2001) (approving the district court's reduction of an FLSA fee award, notwithstanding a contingency fee agreement with plaintiff, to bring the recovery in line with hourly rates in similar cases); *Jarrett v. ERC Properties, Inc.,* 211 F.3d 1078, 1084 (8th Cir. 2000); *United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.,* 732 F.2d 495, 504 (6th Cir. 1984).

[10] There is a strong presumption that the lodestar figure is a "reasonable fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, (1986). Though the court may adjust the final figure to account for results obtained, the results must be exceptional and the record must specifically evidence that the quality of representation was superior to the level reasonably expected at the rate claimed. *Norman,* 836 F.2d at 1302 (noting that exceptional results are out of the ordinary, unusual, or rare). Alternatively, a court may enhance a recovery where enhancement is necessary to assure the availability of counsel. *Id.* (citation omitted). These factors are not present in the instant case.

Under Plaintiff's counsel's argument that the Court need not review this settlement agreement, counsel would be immune from judicial scrutiny and given *carte blanche* to recover as large a fee award as they can negotiate from their clients' employers. Such awards would be inconsistent with Supreme Court and Eleventh Circuit precedent, disregard the clear language of the FLSA, and frustrate the statute's underlying policy. In reversing the Fifth Circuit's enforcement of a contingency fee agreement in a civil rights case, the Supreme Court stated that a "reasonable attorney's fee" should account "for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less." *Blanchard,* 489 U.S. at 93. The policy behind judicial determination of a "reasonable attorney's fee" award is applicable in all FLSA cases, regardless of whether a plaintiff recovers the full amount to which she is entitled.

### IV. Plaintiff's Counsel's Fee Award in This Case

In this case, the lodestar calculation, detailed below, yields a fee award of $6,325. As noted at the February 15, 2008 hearing, the 27.45 hours expended on Plaintiff's case are reasonable. In fact, Plaintiff's counsel are to be commended for their efficient handling of this matter and staffing junior attorneys on tasks that were so delegable. The instant case was more complex than those where defendant's time records enable the parties to determine with some certainty the hours plaintiff worked. The lack of records in this case necessitated additional discovery, which increased the time, labor, and expense to Plaintiff's counsel to resolve the matter. Reasonable hourly rates commensurate with the experience level of the four attorneys staffed on the case are as follows: $125 for the two attorneys who recently graduated from law school and have been members of the Bar for less than one year, and $300 for the two experienced attorneys.[11] To account for the carrying cost incurred – and also to provide incentive for continued efficiency – the Court will increase the hourly rates by 10%, or $137.50 and $330.00, respectively. Using these

---

[11] These figures are the high-end of prevailing market rates for attorneys with counsel's respective levels of experience handling FLSA cases.

rates, the 14.2 hours worked by the two less experienced attorneys and the 13.25 hours worked by the two experienced attorneys yield a reasonable fee award for Plaintiff's counsel of $6,325. In light of the positive results obtained for Plaintiff, the Court approves the recovery of the full **$6,325** by Plaintiff's counsel.

In sum, after close consideration of relevant portions of the record in this case, the Settlement Agreement, and Plaintiff's counsel's filing regarding attorney's fees, the Court approves the **$20,000** settlement. Plaintiff's counsel will recover **$7,714** (a reasonable fee award of $6,325, plus $1,389 in costs) and the remaining **$12,286** constitutes a reasonable recovery for **Plaintiff**. With these amounts substituted on pages 3 and 4 of the Settlement Agreement, the Court finds that the Settlement Agreement constitutes a fair and reasonable settlement of a bona fide dispute over the FLSA's provisions. Accordingly, it is hereby

ORDERED that:

(1) The parties' Joint Motion to Review and Approve FLSA Settlement [DE-20] is GRANTED and the Settlement Agreement, as amended by this Order, is APPROVED as a fair and reasonable settlement;

(2) **By April 18, 2008** Plaintiff's counsel shall file an affidavit signed by Plaintiff stating that she agrees to and has received the full amount of her recovery as amended by this Order;

(3) This case is DISMISSED WITH PREJUDICE;

(4) All pending motions not otherwise ruled upon are DENIED AS MOOT; and

(5) This case remains CLOSED.

DONE and ORDERED in Miami, Florida, this 4th day of April, 2008.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc:   U.S. Magistrate Judge Chris A. McAliley
      All Counsel of Record